**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Kevin M.,

Petitioner,

v.

Todd Blanche, *Acting Attorney General of the United States*; Markwayne Mullin, *Secretary of the Department of Homeland Security*; David J. Venturella, *Acting Director of United States Immigration and Customs Enforcement*; David Easterwood, *Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement*; Joel Brott, *Sheriff of Sherburne County*,

Respondents.

File No. 26-CV-4633 (JMB/JFD)

**ORDER**

---

Mark Thomson, Engstrom Lee LLC, Minneapolis, MN, for Petitioner Kevin M.

David W. Fuller and Derek Ganzhorn, United States Attorney's Office, Minneapolis, MN, for Respondents Todd Blanche, Markwayne Mullin, David J. Venturella, and David Easterwood.

---

This matter is before the Court on Petitioner Kevin M.'s[1] Petition for Writ of Habeas Corpus (Petition) under 28 U.S.C. § 2241 (Doc. No. 1 [hereinafter, "Pet."]), which names Todd Blanche, Markwayne Mullin, David J. Venturella, David Easterwood, and Joel Brott

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

as Respondents. (Doc. No. 1.) For the reasons explained below, the Court grants the Petition.

## FINDINGS OF FACT

1. Kevin M. is a 29-year old native and citizen of Nicaragua. (Pet. ¶ 29; Doc. No. 7-1 at 1.)

2. On October 22, 2024, Kevin M. entered the United States at a designated port of entry to attend an appointment he had scheduled with Customs and Border Patrol (CBP) agents through the CBP One application. (Pet. ¶ 30; Doc. No. 7-1 at 2.)

3. Kevin M. expressed that he feared return to Nicaragua. (Pet. ¶ 30.)

4. On the same day as his arrival, CBP paroled Kevin M. into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A)[2] and the Department of Homeland Security (DHS) placed Kevin M. in removal proceedings. (Pet. ¶ 30; Doc. No. 7-3.)

5. Once paroled into the United States, Kevin M. lived in Fort Lauderdale, Florida, where he applied for asylum, withholding of removal, and protection under the Convention Against Torture. (Pet. ¶ 32.)

6. In July 2025, the United States Citizen and Immigration Services (USCIS) issued Kevin M. a work permit, which is valid through July 23, 2030. (Pet. ¶ 32.) [3]

[2] Under 8 U.S.C. § 1182(d)(5)(A), DHS agents may grant "parole into the United States as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States . . . ."

[3] Like Immigration and Customs Enforcement (ICE), USCIS is part of the DHS. *See Organizational Chart*, Dep't of Homeland Sec., https://www.dhs.gov/organizational-chart (last viewed Oct. 30, 2026); *see also Operational and Support Components*, Dep't of Homeland Sec., https://www.dhs.gov/operational-and-support-components (last viewed

7. In April 2026, Kevin M. moved to St. Cloud, Minnesota. (*Id.* ¶ 33.)

8. While living in St. Cloud, Kevin M. worked at Midsota Trailers and wove himself into the local Nicaraguan community. (*Id.*)

9. Other than traffic-related infractions, Kevin M. has no criminal history. (*Id.*; Doc. No. 7-1 at 2–3.)

10. On September 13, 2026, while Kevin M. and a friend were seated and talking in the back seat of a vehicle parked behind Kevin M.'s home, St. Cloud police officers approached the vehicle. (Pet. ¶ 34.) The officers ultimately arrested Kevin M. and detained him at the St. Cloud police station. (*Id.*; Doc. No. 7-1 at 3.)

11. Law enforcement officers in Stearns County contacted ICE to notify them that Kevin M. was in their custody. (Doc. No. 7-1 at 2.)

12. Upon receiving the tip from Stearns County, ICE Deportation Officer (DO) Alexander "conducted records checks in Department of Homeland Security [] databases and criminal history databases, which indicated that [Kevin M.] is a citizen and native of Nicaragua and is currently in active removal proceedings."[4] (Doc. No. 7-1 at 2.) DO Alexander then drew up a Form I-247A Immigration Detainer and Supervisory Detention and Deportation Officer (SDDO) Lockman issued a Form I-200 warrant of arrest. (*Id.*; Doc. No. 7-2; Doc. No. 7-4.)

---

Oct. 30, 2026) (describing USCIS as "the federal agency that oversees lawful immigration to the United States").

[4] The record contains no evidence concerning what specific records were reviewed, what information they contained, or how this information is collected.

13. The Form I-247A Immigration Detainer requested Stearns County's cooperation in permitting ICE to take him into custody on grounds that Kevin M. "poses a risk to national security, border security, or public safety."[5] (Doc. No. 7-4 at 2.)

14. The Form I-200 administrative warrant was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [Immigration and Nationality Act (INA)] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 7-2.) Thus, Respondents detained Kevin M. pursuant to their authority under 8 U.S.C. § 1226.

15. ICE agents went to the Stearns County jail. They did not identify themselves to Kevin M., tell him why they were detaining him, and took him into their custody without showing him a warrant. (Pet. ¶ 35.) The agents spoke to Kevin M. only in English. (*Id.*)

16. ICE agents took Kevin M.'s Florida driver's license and the property that St. Cloud police had been holding. (*Id.*)

17. On October 23, 2026, an immigration judge denied Kevin M.'s pending applications and ordered Kevin M. removed; he intends to appeal the denial (which appeal is due November 23, 2026) to the BIA. (*Id.* ¶ 32; Doc. No. 7-6.) Kevin M. has no final order of removal. (Doc. No. 1 at 10; Doc. No. 7-1 at 2.)

18. Kevin M. has remained in ICE detention at the Sherburne County Jail since

[5] The Court observes that, in his removal proceedings, DHS does not seek Kevin M.'s removal from the United States on grounds that he poses a risk to national security or public safety pursuant to INA § 237(a)(4)(A). (*See* Doc. No. 7-3.) Instead, he is charged as removable pursuant to INA § 212(a)(7)(A)(i)(I), for "at the time of application of admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the [INA] . . . ."

his arrest on September 13, 2026. (Pet. ¶¶ 1, 37.)

19. On October 27, 2026, Kevin M. filed his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (Pet.)

20. On October 27, 2026, the Court ordered Respondents to file a response to the Petition on or before 11:00 a.m. on October 29, 2026. (Doc. No. 3.)

21. On October 29, 2026, Respondents filed their response. (Doc. Nos. 6, 7.)

## DISCUSSION

In his Petition, Kevin M. seeks immediate release, arguing that his detention violates the requirements of the INA and accompanying regulations, as well as the Fourth Amendment of the U.S. Constitution and the Due Process Clause of the Fifth Amendment. In response to the Petition, however, Respondents argue that their detention of Kevin M. comports with the requirements of due process and the terms of 8 U.S.C. § 1225(b)(2). For the reasons set forth below, the Court grants the Petition.

### A. Right to Habeas Relief

A writ of habeas corpus may be granted to any person who demonstrates he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3); *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (concluding that the Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States" (citing U.S. Const., Art. I, § 9, cl. 2)). For most of the nation's history, habeas review "has remained a critical check on the Executive, ensuring that it does not detain individuals except in accordance with law." *Hamdi*, 542 U.S. at 525 (quotation omitted). The right to challenge the legality of a person's confinement through

a petition for a writ of habeas corpus "extends to . . . immigration-related detention." *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 900–01 (D. Minn. 2020) (citation omitted). The petitioner bears the burden of proving that his detention is illegal by a preponderance of evidence. *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154 (D. Minn. 2025).

**B. Inapplicability of 8 U.S.C. § 1225**

It is an undisputed matter of fact that Respondents detained Kevin M. pursuant to their discretionary authority under 8 U.S.C. § 1226. The Form I-200 warrant was directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the [INA] [i.e., 8 U.S.C. §§ 1226, 1357] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." (Doc. No. 7-2.) In response to the Petition, however, Respondents advance a different basis for the detention of Kevin M.: 8 U.S.C. § 1225(b)(2)(A), as interpreted by *Avila v. Bondi*, 170 F.4th 1128, 1133–35 (8th Cir. 2026) (concluding that section 1225(b)(2) requires the mandatory detention of noncitizens, without any individualized determination and regardless of whether the noncitizen is encountered at the border at the time of entry or in the interior of the United States months, years, or decades after entry); *But see Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. 2026) (observing that Respondents' interpretation permits "[m]ass detention of marginalized individuals without due process" and "harkens back to some of the darkest moments in our country's history," when the judiciary "abdicat[ed] of its obligation to protect basic freedoms" and citing similar holdings from the First, Second, Third, Sixth, Seventh, Ninth, Tenth, and Eleventh Circuits); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1180, No. 25-6842, 2026 WL 2196424, at *9, 16 (9th Cir. July 30, 2026) (rejecting

Respondents' "new interpretation" as inconsistent with "the assertedly unambiguous language of the statute" and because "it raises various textual and interpretive problems").

The Court concludes that Respondents cannot now change the basis for the detention of Kevin M. He was detained under section 1226 alone, and Respondents advance no legal argument to support the proposition that they can alter this fact through filing of their written responsive submissions. Thus, just as it is stated on the Form I-200 on which Kevin M.'s detention is based, the Court concludes that the Respondents detained Kevin M. pursuant to the framework of 8 U.S.C. § 1226. *See, e.g.*, *Martha C.G.P. v. Blanche*, No. 26-CV-2308 (DWF/JFD), 2026 WL 1329577, at *2 (D. Minn. May 13, 2026) (rejecting respondents' contention that petitioner was subject to mandatory detention under section 1225(b) where Form I-200 warrant served during petitioner's arrest represented that detention was pursuant to section 1226); *Hector J.A.S. v. Shea*, No. 26-CV-2242 (JRT/DLM), 2026 WL 1243500, at *2 (D. Minn. May 6, 2026) (same); *see also Espinoza Avalos*, No. 8:26-CV-0191, 2026 WL 1396593, at *1–3 (D. Neb. May 19, 2026).

**C. Violation of Applicable Regulatory and Statutory Requirements**

Having determined that Respondents have detained Kevin M. pursuant to 8 U.S.C. § 1226, the Court considers Kevin M.'s argument whether he was brought into custody pursuant to a valid warrant or pursuant to an authorized warrantless detention.[6]

[6] Although the Court ordered Respondents to address whether the detention of Kevin M. complied with the INA and accompanying regulations (Doc. No. 3), Respondents make no argument that they complied with 8 U.S.C. § 1357, 8 C.F.R. § 287.8, or § 236.1. Because the facts underlying these violations are not contested, the Court grants the Petition.

Respondents devote only three lines of text in their 19-page response to Kevin M.'s arguments challenging the validity of Respondents' detention procedures, and the three-line conclusory statement is accompanied by no additional explanation. (*See* Doc. No. 6 at 16.) For the reasons discussed below, the Court concludes that Kevin M. was not brought into custody pursuant to a valid warrant or an authorized warrantless detention.

Under the INA and supporting regulations, agents may detain a non-citizen either on a valid warrant or in accordance with applicable warrantless detention procedures. 8 U.S.C. § 1357; 8 C.F.R. § 287.8(c)(2)(ii); s*ee also Venancio P.J. v. Blanche*, No. 26-CV-2740 (ECT/JFD), 2026 WL 1862252, at *2 (D. Minn. June 29, 2026). DHS's "general procedures" for all "enforcement activities," including for the "conduct of arrests," requires that "[a] warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained." 8 C.F.R. § 287.8(c)(2)(ii). Here, Respondents violated applicable regulatory and statutory requirements in at least four respects.

First, the Form I-200 warrant is also invalid because there are unspecified facts to which Respondents point as their basis for establishing probable cause for taking Kevin M. into custody. The warrant relied on "biometric confirmation of the subject's identity and a records check of federal databases" as the determination for probable cause. (Doc. No. 7-2.) The Respondent's Form I-213 record for Kevin M. states that an officer "conducted records checks in the Department of Homeland Security (DHS) databases and criminal history databases, which indicated that [Kevin M.] is a citizen and native of Nicaragua and is currently in active removal proceedings." (Doc. No. 7-1 at 2.) However, this record

includes no information concerning precisely what records were checked. There is no declaration describing the information reviewed or explaining what information is being stored and reviewed. Thus, the Court cannot credit Deportation Officer Narendra Ramnarine's recollection of another agent's research set forth in the Form I-831 absent some evidence in the record that points to how information about Kevin M. that may be stored within DHS databases establishes probable cause that he is removable from the United States. *See Jaminton R.B. v. Mullin*, No. 26-CV-3091 (ECT/JFD), 2026 WL 2350324, at *2 (D. Minn. Aug. 13, 2026) (holding that a Form I-200 arrest warrant lacked probable cause because "[b]iometric confirmation involves the measurement or analysis of a unique physical or behavioral characteristic" whereas the "record contain[ed] no information showing . . . biometric confirmation of [Petitioner's] identity").

Second, the warrant is invalid because the serving officer cannot be identified. A Form I-200 administrative warrant—like the form under which authority Respondents took Kevin M. into custody (Doc. No. 7-2)—is to be "issued only by those immigration officers listed in [section] 287.5(e)(2) . . . and may be served only by those immigration officers listed in [section] 287.5(e)(3)." 8 C.F.R. § 236.1(b)(1). Thus, DHS may detain a non-citizen using Form I-200 only if the Form I-200 indicates who the issuing and the serving immigration officers are. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 236.1(b)(1); *Tanneh W.S. v. Blanche*, No. 26-CV-2775 (LMP/EMB), 2026 WL 1801140, at *3 (D. Minn. June 23, 2026) (holding that a Form I-200 warrant was valid when both the issuing and serving officers' information verified them as deportation officers). This is because only immigration officers are "authorized to issue warrants of arrest under the relevant

regulation." *Fernando C.C. v. Bondi*, No. 26-CV-1235 (LMP/JFD), 2026 WL 446408, at *5 (D. Minn. Feb. 17, 2026). Here, Respondents did not establish that they satisfied the second requirement of 8 C.F.R. § 236.1(b)(1). Though the record presented establishes that the Form I-200 warrant was issued by SDDO Lockman, Respondents do not identify who served the Form I-200, and the form itself includes an illegible signature. (*See* Doc. No. 7-2.) *Cf. Fernando C.C.*, 2026 WL 446408, at *5. Thus, Respondents violated 8 C.F.R. § 236.1(b)(1), and the warrant is invalid.

Third, Respondents did not comply with the requirements of section 287.8(c)(2)(iii). That regulation provides that, "[a]t the time of the arrest," the detaining officers must do the following two things: "(A) [i]dentify himself or herself as an immigration officer who is authorized to execute an arrest; and (B) [s]tate that the person is under arrest and the reason for the arrest." *Id.* § 287.8(c)(2)(iii). There is no evidence that any officer identified themselves to Kevin M. or informed Kevin M. that he "[wa]s under arrest and the reason for the arrest," as required by regulation. *See id.* § (c)(2)(iii). Evidence submitted by Respondents show that officers made no attempt to describe the circumstances of Kevin M.'s arrest at all. (*See* Doc. No. 7-1 at 2.) At most, the Form I-831 states:

> On September 13, 2026, Immigration and Customs Enforcement (ICE) Deportation Officer (DO) Alexander encountered [Kevin M.] via Stearns County Jail contacting ICE through the ICE Law Enforcement line to notify ICE that the subject was in custody. DO Alexander conducted records checks in the Department of Homeland Security [] databases and criminal history databases, which indicated that [Kevin M.] is a citizen and native of Nicaragua and is currently in active removal proceedings. DO Alexander lodged an Immigration Detainer, Form I-247A; Acting Supervisory Detention and Deportation Officer [] Lockman issued a

Warrant for Arrest of Alien, Form I-200.

(Doc. No. 7-1 at 2.) With no evidence to rebut Kevin M.'s recollection that officers neither identified themselves or provided the reason for his arrest, the Court concludes that Respondents violated the plain requirements of 8 C.F.R. § 287.8(c)(2)(iii).

Fourth, the detention preceded the issuance of a warrant, and Respondents did not comply with the requirements of a warrantless detention. The record presented establishes that Respondents took Kevin M. into custody without a warrant. (Pet. ¶¶ 5, 35.) Therefore, Respondents must establish that both requirements of 8 U.S.C. § 1357(a)(2) were satisfied. They have not done so. Under the INA, absent a valid warrant (as here), Respondents may take a person into custody if there is probable cause "to believe that the [noncitizen] so arrested is [1] in violation of any[] law or regulation [made in pursuance of law regulating the admission, exclusion, expulsion, or removal of noncitizens] and [2] is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2); *see also* 8 C.F.R. § 287.8 (c)(2)(ii) (stating that a warrant "shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained"); *U.S. v. Diaz-Quintana*, 623 F.3d 1237, 1239 (8th Cir. 2010) (concluding that the phrase "reason to believe" in section 1357(a)(2) means "constitutionally required probable cause"). Here, Respondents make no argument whatsoever that officers satisfied either prong of section 1357(a). (*See* Doc. No. 6.) Absent any argument, the Court necessarily concludes that Respondents have not established that at the time they initiated the detention, officers had probable cause to believe Kevin M. (who was detained in a

county jail) was likely to escape.[7] In addition, and in contrast to the facts in *Quintana*, 623 F.3d at 1238, 1240–41, the record presented in this case establishes that Kevin M. was cooperative with detaining agents, has no criminal history, and had no fraudulent identification or immigration documents in his possession. Thus, the Court concludes that Respondents violated section 1357(a)(2).

For each of these independent reasons, the detention of Kevin M. is unlawful and immediate release is the appropriate remedy. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is at its core a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also, e.g.*, *Felix Alberto J.M. v. Blanche*, No. 26-CV-2944 (LMP/DLM), 2026 WL 1906596, at *5 (D. Minn. July 2, 2026) (concluding Respondents' detention of petitioner was invalid warrantless detention and petitioner was entitled to remedy of release); *Venancio P.J.*, 2026 WL 1862252, at *3 (same); *Hector J.A.S.*, 2026 WL 1243500, at *2 (ordering release of petitioner where respondents did not issue NTA until booking, well after taking the petitioner into custody); *Pina C.D.B. v. Bondi*, No. 26-CV-1929 (KMM/DJF), 2026 WL 810676, at *3 (D. Minn. Mar. 24, 2026) (concluding "immediate release is the proper remedy" when a person is taken into custody without a valid administrative warrant); *Jouquin C.S. v. Bondi*, No. 26-CV-1438 (DWF/DJF), 2026 WL 483256, at *2–3 (D. Minn. Feb. 20, 2026) (ordering release because the Form I-200 was invalid); *Claudio A.A. v. Bondi*, No. 26-CV-742 (KMM/LIB), 2026

[7] Given the conclusion that Respondents have not established the second prong of section 1357(a)(2), the Court need not determine whether Respondents established the first prong of this section.

WL 468232, at *7 (D. Minn. Feb. 12, 2026) (concluding that failure to provide a warrant before taking a person into pursuant to section § 1226(a) is a violation of due process rights and collecting cases), *report and recommendation adopted*, No. 26-CV-742 (KMM/LIB), 2026 WL 478347 (D. Minn. Feb. 18, 2026); *Carlos F.P.P v. Blanche*, No. 26-CV-3123 (JWB/JFD), 2026 WL 2824801, at *7 (D. Minn. Sep. 21, 2026) (ordering release after finding that respondents did not follow § 1357 requirements of warrantless detention and § 1225 did not "independently authorize continuation of [petitioner's] custody").[8]

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT the Petition (Doc. No. 1) is GRANTED as follows:

---

[8] Although the Court need not address the question whether Respondents' revocation of Kevin M.'s 2024 parole without notice or process detention violates his due process rights under the Fifth Amendment, it nevertheless alternatively concludes that, on balance, the *Mathews v. Eldridge* due-process factors tip in his favor. Kevin M. has a significant private interest at stake (i.e., his liberty, his detention in a carceral setting); the risk of erroneous deprivation through incarceration is needlessly high when available an inexpensive procedures protect against erroneous deprivations of liberty; and the federal government has very little interest in incarcerating individuals en masse who pose little or no risk of flight or danger to the community like Kevin M., who, by Respondents' own concession had no non-traffic-related criminal history and who had been conditionally paroled into the interior in 2024 upon a determination that he posed no such risks. Thus, Kevin M.'s ongoing detention is also unlawful for this reason. *See, e.g.*, *R.M. v. Blanche*, No. 26-CV-2283 (LMP/DLM), 2026 WL 1506306 (D. Minn. May 29, 2026) (concluding that respondents' mandatory detention without bond under 8 U.S.C. § 1225(b)(2) and *Avila* violated petitioner's rights to procedural due process and ordering a bond hearing); *Jesus Alejandro G.A. v. Blanche*, No. 26-CV-1932 (LMP/ECW), 2026 WL 1383138 (D. Minn. May 18, 2026) (same).

1. Respondents are ORDERED to release Petitioner Kevin M. immediately, subject to the same terms and conditions that may have previously been ordered, and in any event no later than 4:00 p.m. CT on November 3, 2026.

2. On or before 11:00 a.m. CT on November 4, 2026, counsel for Respondents shall file a letter affirming that they have released Petitioner Kevin M.

3. On or before 11:00 a.m. CT on November 4, 2026, counsel for Respondents shall also file a declaration pursuant to 28 U.S.C. § 1746 by an individual with personal knowledge that states when and where the Petitioner was released, attaches any and all documentation concerning the Petitioner's release, and affirms with supporting documentation that all property of Petitioner was returned to Petitioner upon release (or, if property is retained, state which property is retained, the legal basis for its retention, and affirm that Respondents duly provided Petitioner with certified copies of any and all immigration-related documentation). Respondents must submit each of the following three forms to affirm return of Petitioner's property: I-77, I-216, and G-589. If Petitioner's property is lost, Respondents must also submit form I-387, "Report of Detainee's Missing Property." If Respondents cannot provide one or more of these forms, Respondents must address why they are unable to do so.

4. Petitioner Kevin M. may move separately within 30 days of final judgment in this action to recover attorney's fees and costs under the Equal Access to Justice Act, 20 U.S.C. § 2412(d).

5. To the extent Petitioner Kevin M. seeks additional relief, the Petition is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 2, 2026

/s/ *Jeffrey M. Bryan*
Judge Jeffrey M. Bryan
United States District Court